991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re TUCKER FREIGHT LINES INC., Debtor.
John R. WALHOUT, Trustee, Plaintiff-Appellee,
v.
TFL, INC., and Central Transport, Inc., jointly and
severally, Defendant-Appellant.
 No. 92-1546.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1993.
 
 Before MERRITT, Chief Judge, and GUY and RYAN, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Defendants, TFL, Inc. and Central Transport, Inc., affiliated companies, appeal a final district court order affirming judgment against them in the bankruptcy court. The case raises a contract interpretation issue concerning the right of defendants to withdraw from a contract with the plaintiff, the bankruptcy Trustee. On a previous appeal, we remanded the case for further findings and conclusions.
 
 
 2
 Central Transport successfully bid for the debtor's authority to operate as a commercial carrier in Indiana at an auction conducted by the trustee for the debtor in June of 1984. Central bid $310,000 for the authority; the next highest bid was $300,000. The bid contemplated a licensing proceeding before the Indiana Public Service Commission to permit the transfer of the debtor's authority to the buyer. At the conclusion of the bidding, Central Transport signed a contract to purchase the authority which contained the following provisions:
 
 
 3
 2. * * *
 
 
 4
 (f) If the transfer of the Authority cannot be completed within eight (8) months from the date of this agreement, the Buyer has the option to complete the sale at a later date, or require that the payment described above be returned.
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 5. The Buyer agrees, at its expense, to diligently prosecute the application for the transfer of the Authority and will use its best efforts to secure such transfer.
 
 
 8
 The eight month deadline in paragraph 2(f) was on February 5, 1985. Central demanded return of its money and requested dismissal of transfer proceedings before the Indiana Public Service Commission on September 30, 1985, the day before the final hearing on the transfer of the authority. The Trustee then sued Central for breach of contract and recovery of the full contract price. The bankruptcy court, affirmed by the district court, found that the contract in question did not contemplate an unlimited right of withdrawal at any time after the initial period expired on February 5, 1985.
 
 
 9
 We agree with the two courts below that the buyer breached its purchase agreement by withdrawing from the sale on the eve of trial before the Public Service Commission in Indiana. The agreement signed by the parties provides in somewhat inconsistent language both that the buyer may withdraw from the sale after eight months and must diligently pursue the transfer of the operating authority through the administrative proceedings. Taking into account the overall purpose of the agreement to effectuate the buyer's bid at the auction and its agreement to pursue diligently the transfer of the authority, we believe that the withdrawal provision in § 2(f) means the buyer had a reasonable period of time after the initial deadline period expired in which to exercise its option to withdraw. The contract does not give the buyer an indefinite or open-ended period to withdraw. The buyer should not have waited for a period almost as long as the initial deadline period to exercise its option to withdraw or continue. For seven months the buyer took no action to exercise its option under § 2(f). The buyer's obligation was either to exercise its option to withdraw within a relatively short period of time after the initial period expired or to pursue diligently the transfer of authority through the Public Service Commission proceeding. The interests of the bankruptcy estate, as well as the interests of other potential bidders, could be severely prejudiced by a long period of delay. Shortly after the initial period expired the buyer should have assessed its situation and notified the seller of its intention to withdraw.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.